IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 18, 2001

## STATE OF TENNESSEE V. WALTER BYERS

**Appeal from the Circuit Court for Blount County**
**No. C-9882     D. Kelly Thomas, Jr., Judge**

**No. E2001-00361-CCA-R3-CD**
**March 21, 2002**

The defendant, Walter Byers, appeals from the Blount County Circuit Court's revocation of his community corrections sentence imposed upon his guilty plea to delivery of one-half gram or more of cocaine. The defendant contends that the trial court abused its discretion in revoking his community corrections sentence and sentencing him to confinement. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Steve McEwen, Mountain City, Tennessee (on appeal); Raymond M. Garner, District Public Defender; and George H. Waters, Assistant Public Defender (at trial), for the appellant, Walter Byers.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Edward P. Bailey, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant pled guilty to delivery of one-half gram or more of cocaine, a Class B felony, and was sentenced as a Range I, standard offender to eight years. Upon the defendant serving one hundred eighty days in jail, the remainder of his sentence was to be served in the community corrections program. The record reflects that in October 2000, the defendant's community corrections supervisor filed a violation warrant, alleging that the defendant had violated the terms of his community corrections contract by moving without her permission and violating curfew. In addition, the warrant stated that the defendant was mentally ill and had become unmanageable.

At the revocation hearing, Tracy White, the defendant's community corrections supervisor, testified that when she began supervising the defendant in November 1998, he was living with his sister and mother. She said that the defendant had mental problems but that he did "okay" in community corrections. She said that the defendant was a Vietnam veteran, had been honorably discharged from the military, and was able to get treatment for his mental problems at the outpatient Veterans Administration Center. She said that because the defendant was drinking and having trouble at home, she convinced him to go to the Veterans Administration Hospital in Murfreesboro. She said that on August 24, 2000, she took the defendant to the bus station and that he went to the veterans hospital. She said that in early October 2000, she found out from a police officer that the defendant was back in Blount County. She said that she talked to the defendant's sister and learned that the defendant had returned around October 2. She said that the defendant's sister told her that the defendant had been arrested for public intoxication and that the defendant's sister could no longer take care of him. She said that the defendant's sister did not know where to find the defendant.

Ms. White testified that on October 5, she filed a violation warrant against the defendant because he had moved without her permission and because she did not know where he was living. She said that later that day, the defendant came into her office to pay his court costs. She said that she could not supervise the defendant because his sister and mother would not let him live with them and because he had nowhere to stay. She asserted that if the defendant went back to the veterans hospital, he could stay there only for ninety days. She said that although she never saw the defendant drink alcohol, she knew that he was drinking in violation of his community corrections contract. She said that in April 1999, the defendant tested positive for cocaine. She said that she gave the defendant a warning and did not file a warrant against him for the positive drug test. She said that she gave the defendant a drug test every month and that he never failed another test.

On cross-examination, Ms. White testified that this was the first time that she had filed a violation warrant against the defendant. She said that the defendant always made his court cost payments on time.

The defendant testified that he served in the Vietnam War from 1972 to 1973, was diagnosed with schizophrenic paranoia in 1974, and had been on medication since 1976. He said that he moved in with his mother and sister when he started the community corrections program in October 1998. He said that on October 1, 2000, he was discharged from the veterans hospital in Murfreesboro and that he returned to Blount County. He said that if the trial court would allow him to remain in the community corrections program, he would check himself back into the veterans hospital. He said that if he could not stay at the veterans hospital, he wanted to go to a halfway house. He said that while he was in the community corrections program, he drank a couple of beers a day. He said that he could quit drinking and abide by the rules of his community corrections contract.

On cross-examination, the defendant testified that he agreed to go to the veterans hospital in Murfreesboro because he was having problems with his mother and sister. He said that when he returned to Blount County on October 1, his sister and his mother picked him up at the bus station and took him home with them. He said that he left there and went to the post office to check his

postal box. He said that some Army checks were in his postal box and that he took the checks to the bank and cashed them. He said that he went out with some friends and drank a few beers. He said that when he returned to his mother's house that night, his sister called the police on him.

The trial court found that the defendant violated the terms of his community corrections contract by not maintaining an address where his supervisor could locate and manage him. The trial court noted that the defendant had tested positive for cocaine once and that he had used alcohol repeatedly. The trial court determined that the defendant had two options: (1) going to the veterans hospital for ninety days and then moving into a halfway house or (2) serving the rest of his sentence in confinement. The trial court withheld sentencing for two weeks in order to give the defense time to find a halfway house for the defendant. When the defense reported to the court that it had been unable to find a halfway house that the defendant could enter, the trial court revoked the defendant's community corrections sentence and ordered that he serve the remainder of his sentence in the Department of Correction's Special Needs Unit.

The defendant contends that the trial court abused its discretion in revoking his community corrections sentence and ordering that he serve the remainder of his sentence in incarceration. He contends that the evidence did not support the trial court's decision. The state claims that the trial court did not abuse its discretion. We agree with the state.

Trial courts have the authority to revoke a community corrections sentence upon a finding by a preponderance of the evidence that the defendant has violated the conditions of the sentence. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); see Tenn. Code Ann. § 40-35-311. If the evidence of a violation is sufficient to enable the trial court to make a conscientious and intelligent judgment regarding revocation, that judgment will not be disturbed on appeal. Id.

The defendant testified that he left the veterans hospital in Murfreesboro on October 1. At some point, his community corrections supervisor learned from a police officer that he had returned to Blount County. The supervisor stated that she filed the defendant's violation warrant on October 5 because he left the veterans hospital and because she did not know where he was living. The record reflects the defendant's consistent failure to comply with the reasonable requirements of his community corrections contract. The defendant has not demonstrated that the trial court abused its discretion by ordering him to serve the remainder of his sentence in incarceration.

_____
JOSEPH M. TIPTON, JUDGE